EVANS v. CROWN GASOLINE & OIL CO.

BLAIR et al. v. EVANS et al.

(Circuit Court of Appeals, Third Circuit. November 1, 1917. On Motion for Reargument, December 10, 1917.)

No. 2283.

APPEAL AND ERROR ⬤⇒266(2)—NECESSITY OF EXCEPTION—DECREE ON AUDITOR'S REPORT.

Where, after exceptions to the first report of the auditor making distribution of funds realized by a receiver appointed in a creditors' suit were sustained, appellants filed no exceptions to the auditor's amended report and schedule, either before him or when the schedule was filed in court, and a final decree directing distribution according to such schedule was entered, an appeal from such decree, taken after distribution and on the same day an order discharging the receiver was entered, presents nothing for review.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Bill in equity by George M. Evans against the Crown Gasoline & Oil Company, in which the Potter Trust Company was appointed receiver. From the decree for distribution of assets, S. S. Blair and others appeal. Appeal dismissed.

R. E. Anderson and John A. Blair, both of Pittsburgh, Pa., for appellants.

Leonard K. Guiler, of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. In the court below, this was a creditors' bill, and the appeal before us is by S. S. Blair and other bondholders from the decree distributing a fund in the hands of the receiver. The fund was raised by selling the company's real estate, upon which certain bonds had been secured by mortgage, and one matter before the auditor appointed to distribute was an attack by the appellants upon the claim of George Evans, another bondholder; the ground of attack being that while Evans was a director of the company he had accepted bonds as collateral security for an antecedent debt at a time when he knew the company to be insolvent. The auditor sustained the objection and excluded the bonds. Evans filed exceptions to the report on December 7, 1916, and renewed the exceptions a week later when the report was filed in the District Court. On March 2 the court filed an opinion reversing the auditor and holding that Evans was entitled to share on an equal footing with the other bondholders, and on March 6 sent the report back to be corrected. Thereupon the auditor prepared an amended schedule, but to this the appellants filed no exceptions, either before him or afterwards when the schedule was filed in court. Accordingly on May 12, 1917, the following final decree was entered:

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"And now, May 12, 1917, it appearing to the court that on March 6, 1917, an order of this court was filed and entered referring the auditor's report in the above-entitled case back to the auditor for the purpose of making distribution in accordance with the opinion of this court, and that more than sixty (60) days have elapsed since said order of court was filed and entered, and no appeal has been taken therefrom; and it further appearing to the court that on May 1, 1917, the auditor's amended schedule of distribution was filed, and that ten (10) days have elapsed since said amended schedule of distribution was filed, and no exceptions have been filed thereto, by reason whereof said report has been confirmed absolutely in accordance with the rules of this court, the Potter Title & Trust Company, receiver of the Crown Gasoline & Oil Company, is hereby ordered and directed to make distribution to the parties entitled thereto in accordance with said amended schedule of distribution."

In accordance with this decree the receiver proceeded to distribute, and on June 27 was discharged by a formal order. On the same day the present appeal was taken from the decree of May 12, and we are now asked to say that the decree was wrong, and to make "the necessary orders * * * directing the appellee to make restitution to the appellants in the sum of $19.28 for each bond held by them."

In our opinion the correctness of the decree is not properly before us, for the reasons therein recited, and for other reasons that are not disputed. No exceptions were filed to the amended schedule; it was not questioned either before the auditor or the court below; a decree has been entered confirming it absolutely in accordance with the rules of the District Court; the money has been paid to the parties therein specified, and in the amounts named; and the receiver has been discharged. In obedience to the well-established rules of orderly procedure in a court of first instance and in a court of review, nothing is presented now except the formal correctness of a final decree that comes before us without having been objected to in the court below, and in our opinion the appeal should be dismissed. The fund is gone, and the receiver is protected by the court's decree of May 12, as well as by the order of discharge; and of course, as long as the decree stands unreversed, no order of restitution can be made.

The appeal is dismissed.

## On Motion for Reargument.

PER CURIAM. The merits of this appeal were not overlooked, but as they seem to be in favor of the appellee we took the opportunity to call attention to the loose practice disclosed by the record, especially as looseness of practice is a good deal more frequent now than it used to be, and often hampers us in the proper disposal of business.

The motion is refused.